IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN RE:** | **CASE NO. 16-03165** |
| **SANTOS ORTEGA RAMOS** | **CHAPTER 13** |
| **Debtor(s)** | **FILED & ENTERED ON 12/10/2018** |

## OPINION & ORDER

The matters before the court are Banco Popular de Puerto Rico's (hereinafter "Banco Popular") *Objection to Claimed Exemption* [Dkt. No. 82] and Santos Ortega Ramos' (hereinafter "Debtor") *Response to Banco Popular's Objection to Claimed Exemption (DKT. 82)* [Dkt. No. 92].

## PROCEDURAL BACKGROUND

Debtor filed a chapter 13 bankruptcy petition on April 21, 2016. The Debtor included his residential property in Schedule C which was filed with the voluntary petition [Dkt. No. 1]. The Debtor disclosed in Schedule C that the current value of the residential property was in the amount of $50,000. On May 24, 2016, Debtor filed an Amended Schedule C [Dkt. No. 11], claiming a homestead exemption pursuant to 11 U.S.C. § 522(b) in the amount of $50,000.[1] Therefore, the time to file an objection to the Debtor's exemptions would have expired on June 23, 2016. On May 26, 2016, Banco Popular filed secured claim number 1-1 (hereinafter "claim") in the amount of $26,951.60, guaranteed by a first mortgage over the foregoing residential property.[2]

---

[1] The exemption was taken under Puerto Rico's Homestead Protection Act No. 195 enacted on September 13, 2011 (the "Home Protection Act"), 31 L.P.R.A. §§ 1858 *et seq*., as amended.

[2] Banco Popular amended the claim on September 8, 2016 [ Claim 1-2].

On April 6, 2017, Debtor filed an adversary proceeding (Adversary Case No. 17-00092-BKT) to challenge the extent of Banco Popular's lien. Debtor sought an order avoiding and annulling the mortgage lien held by Banco Popular (as assignee of Doral Mortgage Corporation (hereinafter "Doral")) over the residential real property owned by the Debtor. In addition, Debtor was seeking a determination that the claim filed by Banco Popular was entirely dischargeable as unsecured (Dkt. No.'s 1, 37 Adv. Proc. No. 17-00092 BKT). In the *Opinion and Order* dated May 9, 2018 [Dkt. No. 37 in related Adversary Case 17-00092], the court concluded that Banco Popular was an unsecured creditor for bankruptcy purposes due to the lack of successive chain of ownership. In the case before us, now unsecured creditor Banco Popular, submitted an objection to Debtor's claimed homestead exemption under state law, pursuant to 11. U.S.C. § 522(b)(3) and 31 LPRA §§385 (a), 1851-1857.

## APPLICABLE LAW AND DISCUSSION

This controversy brings two distinct issues before the court. The first, whether Banco Popular's objection to the Debtor's exemption was timely; and second, whether the Debtor's claimed homestead exemption is sustainable given the successive chain of ownership defects. Before the court can delve into the matter of the claimed homestead exemption, it must first determine whether the creditor's objection to exemption was timely.

While section 522(l) of the Code itself does not specify the time for objecting to a claimed exemption, Federal Rule of Bankruptcy Procedure 4003(b)(1) provides in pertinent part:

> …a party in interest may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later. The court may, for cause, extend the time for filing objections if, before the time to object expires, a party in interest files a request for an extension.

The Bankruptcy Code does not directly define the term "party in interest". However, for purposes of the bankruptcy rules, Norton Bankruptcy Dictionary defines a "party in interest" as the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee. *Party in Interest*, Norton Bankr. L. & Prac. 3d Dict. of Bankr. Terms (3rd ed. 2018). Bankruptcy Rule 9006(b)(3) permits the bankruptcy court to enlarge the time for filing an objection under Bankruptcy Rule 4003(b)(1) if the request is made before the expiration of the objection period.[3] Such a request was never made by Banco Popular.

The timely assertion of objections to the debtor's claimed exemptions can be important to create or preserve value for creditors. Failure to object, in a timely manner, results in a waiver of the objection and exclusion of the asset from the debtor's bankruptcy estate, even if the claim of exemption was improper and exceeds the value of the exemption authorized under the Bankruptcy Code. Taylor v. Freeland & Kronz, 503 U.S. 638 (1992); Schwab v. Reilly, 560 U.S. 770 (2010).

Banco Popular argues in its motion that its failure to object within thirty (30) days of the filing of the amended Schedule C, was because at the time Debtor claimed his homestead exemption, "it was a secured creditor of the estate, with priority over any unrecorded homestead exemption or junior lien". Thus, it was in no position to object Debtor's homestead exemption claim. Banco Popular's secured lien was set aside on May 9, 2018. See *supra*. This resulted in Banco Popular becoming an unsecured creditor of the estate. Accordingly, Banco Popular's stance is that the grounds and necessity to object Debtor's homestead exemption claimed in amended Schedule C arose on May 9, 2018.

---

[3] See *supra*, page 1, numbered line 22.

-3-

Banco Popular supports their position as to the timeliness of their objection by arguing:[4]

27. …the Supreme Court had before its consideration another case regarding an objection to claimed exemptions. In the case of *Schwab*, *supra*, the Supreme Court allowed an objection to claimed exemptions filed by the chapter 7 trustee after the 30-day period provided by Rule 4003(b).

28. The *Schwab* Court concluded that, in cases where the value of the claimed exemptions are within the limits that the Bankruptcy Code prescribes, an interested party need not object to the exemption claimed.

29. In the recent case of *In re Massey*, 465 B.R. 720 (BAP, 1st Cir. 2012), the Bankruptcy Appellate Panel for the First Circuit discussed the Supreme Court's decision in *Schawb*, stating:

> …*Schwab*…stands for the…limited proposition that the time limits for objecting to an exemption do not apply if the claimed exemptions is valid on its face….

*Massey* at 727.

Banco Popular's *Objection to Claimed Exemption* [Dkt. No. 82, pages 5-6]

The court disagrees with Banco Popular's application of the holdings in Schwab and Massey to the particular facts of this case.[5] In sum, the Schwab court stands for the proposition that in cases where the value of the claimed exemptions are within the limits that the Code prescribes, an interested party need not object to the exemption claimed, if any amounts listed in

---

[4] The U.S. Supreme Court case Schwab v. Reilly, 560 U.S. 770 (2010), was decided eighteen (18) years after Taylor v. Freeland & Kronz, 503 U.S. 638 (1992), not eight (8) as stated by Banco Popular.

[5] In Civil Case 17-2345 (ADC), the U.S. District Court for the District of Puerto Rico issued an *Opinion and Order* on September 27, 2018, wherein it relied on Schwab and determined that the debtor's

> …claim of homestead exemption seemed valid on its face when she claimed it in the bankruptcy proceedings by means of an amended Schedule C, for which appellee-creditor was not bound by the 30-day term to file an objection under Rule 4003(b). *See Schwab*, 560 U.S. at 770; *In re Massey*, 465 B.R. at 726. (emphasis ours).

Notwithstanding that the facts are almost identical to the ones presently before the undersigned, this court respectfully disagrees with the conclusion reached in that opinion as to the timeliness of the creditor's objection to exemption.

schedule C "…are facially within the limits the Code prescribes and raise no warning flags that warranted an objection." Id. at 789. Likewise, the court in Massey followed Schwab's ruling and held that "the time limits for objecting to an exemption do not apply if the claimed exemptions is valid on its face." Massey at 727. Both Schwab and Massey provide guidance to a party in interest as to the limits of what they are required to examine. The court in Massey affirmed that:

> The Supreme Court instructed that when deciding whether to object to an exemption, trustees should look at 'three, and only three, entries' on Schedule C: the description of the property, the Code provisions governing the claimed exemptions, and the amounts listed in the column titled 'value of claimed exemption'.

Id.

Banco Popular filed its notice of appearance in this case on May 17, 2016 [Dkt. No. 10]. That is twenty-six (26) days after Debtor's first Schedule C was filed, and seven (7) days before the amended Schedule C was filed [Dkt. No.'s 1 and 11, respectively]. Banco Popular filed its claim on May 26, 2016. The documents attached to said claim include a title study dated May 20, 2016. The title study states that the 'Owner of Record' is not the Debtor, but rather Guillermo Morales Rodriguez and Paula Rivera Diaz. The title study goes on to disclose that a sale was made by certain persons to the Debtor on October 4, 2000, but that "[t]he documents that gives sequence to this purchase was note [*sic*] found." On the second page of the title study, the information regarding the mortgage appears, which states that the Debtor encumbered the property with a mortgage note payable to Doral in the principle amount of $32,000. A notation below that mortgage note information reveals that "[t]hese documents have been recorded automatically as per Law #216."

On or before May 26, 2016, Banco Popular knew or should have known that the property exempted in Debtor's amended Schedule C was not registered in his name. At that moment, Banco

Popular had knowledge that due to a missing link in the successive chain of title, its mortgage deed was by virtue invalid, thus making the lien void, and turning the obligation into an unsecured personal one. Roig Commercial Bank v. Dueño, 617 F. Supp. 913, 915 (D.P.R. 1985). Law 216, under which Doral's mortgage note was recorded, does not save Banco Popular from the inevitable conclusion that there is a defect in the recordation which prevents it from having a valid registered lien on Debtor's property. In re Ramos, 493 B.R. 355, 367 (Bankr. D.P.R. 2013).[6]

Banco Popular's assertion in its objection to claimed exemption that their failure to object, within thirty (30) days of the filing of the amended Schedule C, was because at the time Debtor claimed his homestead exemption, "it was a secured creditor of the estate, with priority over any unrecorded homestead exemption or junior lien", is not true. On May 24, 2016, Banco Popular was an unsecured creditor. Following the case law in Schwab and Massey, Banco Popular, by "looking at 'three, and only three, entries' on Schedule C[7], was in a position to timely object to the Debtor's exemption by the June 23, 2016 deadline or seek an enlargement of the time as provided for in the Rules.

Consequently, Banco Popular's objection to exemption is untimely and is therefore DENIED. Given this determination by the court, that matter of whether the Debtor's claimed homestead exemption is sustainable given the successive chain of ownership defects is moot.

**CONCLUSION**

Banco Popular could have made a timely objection under § 522(l) and Rule 4003 if it had acted within the time frame permitted by the Rules. The court concludes that Banco Popular's

---

[6] Puerto Rico mortgage law and Law 216, as applied to the parties in this captioned case, are explained in detail in the *Opinion and Order* in the related adversary case 17-00092 [Dkt. No. 37, pages 4-9].

[7] …the description of the property, the Code provisions governing the claimed exemptions, and the amounts listed in the column titled 'value of claimed exemption'. Massey at 727.

-6-

failure to do so prevents it from challenging the validity of the homestead exemption now. For the reasons stated above, Banco Popular's *Objection to Claimed Exemption* [Dkt. No. 82] is denied.

SO ORDERED

In San Juan, Puerto Rico, this 10th day of December, 2018.

Brian K. Tester
U.S. Bankruptcy Judge